UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 04-2882 |
| AMERICAN OVERSEAS MARINE CORPORATION, ET AL | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on motion in limine to exclude the testimony and expert report of John C. Manders ("Manders") filed by the United States of America.  Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion in limine has merit for the following reasons.

The plaintiff in this Jones Act case claims to have injured his back while throwing certain furniture overboard during rough seas.  In his expert report, Manders summarizes his understanding of the evidence presented in this case and sets forth the various opinions, including the opinion that vessel officers "acted irresponsibly" in ordering the plaintiff to dispose of the furniture where "such dumping was banned by international convention," in failing to consult with superiors, and that the officers exhibited "a lack of concern for the safety and well being of the plaintiff in ordering him to dump waste overboard, from an exposed wet

1

weather deck, in rough weather, while the vessel was pitching and rolling, at night, and while alone." (Rec. Doc. 34, Exh. A, p. 7).

Under Fed. R. Evid. 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Court's fundamental problem with the report is that it offers unneeded assistance for purposes of Rule 702. As to the illegality of the disposal, Manders would appear to lack the qualifications to opine as to the purpose of the international law, whether it was enacted to prevent injuries such as the plaintiff's or whether the illegality caused or contributed to the injury.[1] Facts surrounding any order to dispose of the furniture can be developed in testimony, which the Court can comprehend without expert opinion. Similarly, any issue regarding the reporting or lack of reporting of the alleged accident does not need the support of expert testimony for purposes of Rule 702, and causation remains an issue for this Court to determine.

In addition, the determination of when the alleged accident occurred is also not an appropriate candidate for expert opinion in this matter. The Court is fully capable of analyzing the testimony and evidence in order to determine the date upon which the accident allegedly occurred, if relevant. Much of the remainder of the report and opinions is argumentative.

---

[1] The fact that international law does or does not prohibit the disposal of the furniture as described can be the subject of a stipulation.

Accordingly,

IT IS ORDERED that the motion in limine to exclude the testimony and expert report of John C. Manders filed by the United States of America is GRANTED. (Rec. Doc. 34).

New Orleans, Louisiana, this 1st day of June, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE